IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PIERRE GOMEZ,** *Plaintiff,* | : : : | **CIVIL ACTION** |
| v. | : : | **No. 18-2097** |
| **CITY OF PHILADELPHIA,** *et al.,* *Defendants.* | : : : | |

## MEMORANDUM

### I. Introduction and Background

Plaintiff is employed by the Philadelphia District Attorney's Office (the "DAO") as a county detective. ECF No. 10 at ¶ 13. Beginning in May of 2015, Plaintiff cooperated in the investigation and prosecution of former District Attorney Seth Williams. *Id.* at ¶ 19. Plaintiff claims that as a result of his cooperation, Defendants collectively retaliated against him by, among other things, preventing him from earning overtime, attempting to transfer him to another department, providing him with an improper "counseling memorandum," releasing his name and other identifying information to a local newspaper, requiring that he continue to drive a City-issued vehicle that was the subject of a manufacturer's safety recall, transferring him from the DEA task force to the Private Criminal Complaints Unit, subjecting him to verbal abuse, and refusing to investigate his

1

various complaints. *See generally, id.* Plaintiff alleges that this retaliation violated his First Amendment rights and the Pennsylvania Whistleblower Law.[1] *Id.*

## II. Discussion

Defendants filed a Motion for Summary Judgment (ECF No. 31) arguing, among other things, that Plaintiff's official capacity and *Monell* claim (Count II) should be dismissed because Plaintiff can provide no evidence of a custom or policy of the City of Philadelphia that is the moving force behind the alleged constitutional violations. *See* ECF No. 31 at p. 4. The Court agrees.[2]

The Supreme Court has "held that municipal liability under 42 U.S.C. § 1983 cannot be based on the respondeat superior doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights." *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007) (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978)) (citation omitted). "Municipal liability only attaches when the execution of a government's policy or custom, whether made by its lawmakers or

---

[1] Plaintiff's Amended Complaint (ECF No. 10) contained additional state law tort claims, but Plaintiff withdrew those claims in his Response to Defendants' Second Motion to Dismiss. ECF No. 14 at p. 30, n. 3.

[2] The Court considers Plaintiff's official capacity claim against Defendant Krasner together with his *Monell* claim against the City of Philadelphia because "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent" and because "the real party in interest in an official-capacity suit is the governmental entity and not the named official." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citation and quotations omitted).

2

by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* (citations and quotations omitted).

A policy exists "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Watson*, 478 F.3d at 155 (citations and quotations omitted). A plaintiff establishes that a custom exists "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* at 155-56 (citations and quotations omitted). "In other words, custom may be established by proving knowledge of, and acquiescence to, a practice." *Id.* (citing *Fletcher v. O'Donnell*, 867 F.2d 791, 793–94 (3d Cir.1989)). In either scenario, the plaintiff bears the burden of providing evidence that the identified "policy or custom was the proximate cause of the injuries suffered." *Id.* at 155.

Plaintiff alleged in support of his *Monell* claim that Defendants "implemented a policy, practice and/or custom of retaliation by the District Attorney's Office against [Plaintiff] for his decision (i) to cooperate with federal investigators and (ii) to comply with a grand jury subpoena, which may have lead to his testimony before the grand jury and/or at trial." ECF No. 10 at ¶ 120. However, Plaintiff has failed to adduce any evidence to support a finding that the execution of a government's policy or custom inflicted Plaintiff's alleged injury.

Instead, Plaintiff merely states that "orders transferring (or attempting to transfer[)] employees and the denial of overtime are official acts approved by a decision-maker" and that "[t]hose actions constitute the official policy or practice of the DAO." ECF No. 32 at p. 28.

The alleged retaliatory acts do not qualify as a policy or custom, as defined in *Watson*. Indeed, Plaintiff has not shown that "a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issue[d] an official proclamation, policy, or edict." Further, Plaintiff has failed to adduce evidence to support a finding that a City official with the authority to establish custom or policy even knew of Plaintiff's alleged protected activity other than Plaintiff's own self-serving testimony that he was asked by someone at the DAO whether he or she "could send it up the chain that the federal authorities came to speak with [Plaintiff]." ECF No. 33-2 at p. 15. Plaintiff has also failed to show "that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."

As *Watson* and *Monell* instruct, "[m]unicipal liability only attaches when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury." *Watson*, 478 F.3d at 155. Based on the evidence adduced by Plaintiff, there is no question of fact as to whether municipal liability attaches here. The

various retaliatory acts alleged by Plaintiff were not made by lawmakers or by anyone whose acts may fairly be said to represent an official policy of the City of Philadelphia or the District Attorney in his official capacity. Therefore, Plaintiff's *Monell* claim fails as a matter of law.

### III. Conclusion

For the foregoing reasons, Count II of the Amended Complaint will be dismissed. An appropriate Order follows.

DATED: 8-28-2019

BY THE COURT:

_____
CHAD F. KENNEY, J.